IRVING, J., for the Court.
¶ 1. Andrea and Melvin Hinson were divorced in November 2002 on the ground of irreconcilable differences. The parties submitted to the lower court for resolution issues of property settlement, alimony, child support and custody. The chancellor divided the property between the parties and awarded Andrea periodic alimony. Unsatisfied with the chancellor’s rulings, Andrea filed a motion for a new trial, but the chancellor denied her motion. Aggrieved by this decision, Andrea appeals asserting that the trial court: (1) failed to make findings of fact or conclusions of law when dividing the marital property and awarding alimony, (2) failed to equitably divide the marital assets of the parties, and (3) should have awarded lump sum alimony.
¶2. Due to a lack of jurisdiction, we dismiss this appeal.
FACTS
¶ 3. Andrea Hinson filed a complaint for divorce in July 2001, in the Chancery Court of Warren County. In October 2002, the chancellor issued and signed a bench ruling granting Andrea and Melvin a divorce on the ground of irreconcilable differences. However, this ruling was not filed until November 2002. The chancellor granted the parties joint legal custody of the couple’s two minor children, with Andrea having physical custody and Melvin having reasonable visitations. Melvin was also ordered to pay child support in the amount of $1,300 per month and maintain health and life insurance for the children.
¶ 4. The marital assets of the parties were divided, and Andrea was awarded thirteen acres of property and one-half ownership interest in the couple’s house. Melvin was ordered to pay the monthly notes for his wife’s Chevrolet Tahoe and pay her $350 per month in periodic alimony. The bench ruling was not filed until November 4, 2002. The record does not reflect a final judgment. Unsatisfied with *548 the bench ruling, Andrea filed a pleading styled, “Motion for a New Trial or to Alter or Amend the Judgment” on November 8, 2002. The chancellor entered an order overruling the motion in January 2003, and thereafter, Andrea filed a notice of appeal to this Court. Additional facts will be related during our discussion of the issue.
ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 5. Although Andrea assigns three issues for resolution, we are unable to adjudicate this case on the merits due to a lack of jurisdiction. A thorough review of the record reveals only a bench opinion, and no final judgment. The bench ruling which the parties treated as a final judgment fails to comply with M.R.C.P. 58, which states that “[e]very judgment shall be set forth on a separate document which bears the title of ‘Judgment.’ ” The Mississippi Supreme Court has held that “a chancellor’s bench ruling is not final, but subject to modification by that same chancellor.” Grey v. Grey, 638 So.2d 488, 492 (Miss.1994). Therefore, “the chancellor’s decision is not the same thing as the court’s final judgment.” Id. “Only a final judgment is appealable.” Id. We must, therefore, dismiss this appeal because the chancellor’s bench opinion does not have the requisite finality to make it appealable.
¶ 6. Although we are unable to address the merits of this case because of the jurisdictional issue, we note that even if the chancellor had issued a final judgment, supported only by the bench ruling, we would still be unable to decide the merits of the case because the chancellor failed to make required findings of fact as to the basis for her ruling. She also failed to make a determination and valuation of the marital estate. Our supreme court has consistently held that a chancellor must support her “decisions with findings of fact and conclusions of law for purposes of appellate review.” Johnson v. Johnson, 823 So.2d 1156, 1160(¶9) (Miss.2002). Further, a chancellor’s “failure to make findings of fact and conclusions of law [is] manifest error requiring reversal on remand.” Id. citing Sandlin v. Sandlin, 699 So.2d 1198, 1204 (Miss.1997). The appellate court “must have these findings of fact because [it] cannot determine whether the chancellor abused his discretion until he provides a record of his determination of both parties’ nonmarital assets, of his equitable distribution in light of each parties [sic] non marital property, guided by the Ferguson factors, and, if necessary to do equity by an award of alimony.” Id. citing Johnson v. Johnson 650 So.2d 1281, 1287 (Miss.1994).
¶ 7. This dismissal is without prejudice to the rights of the parties to again pursue an appellate remedy after the chancellor has entered a final judgment and made the required findings of fact as mandated by Ferguson.
¶ 8. THE APPEAL FROM THE WARREN COUNTY CHANCERY COURT IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
ZING, C.J., BRIDGES AND SOUTHWICK, P.JJ., THOMAS, LEE, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.